UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHELBY NOVAK,
                                  **Plaintiff,**

-against-                                                    06-CV-0606

NEW YORK STATE ELECTRIC & GAS
CORPORATION; ENERGY EAST CORPORATION; and
CORPORATE CARE MANAGEMENT, INC.,
                                  **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I. INTRODUCTION**

On May 16, 2006, Plaintiff Shelby Novak ("Plaintiff"), through counsel, filed a complaint against defendants New York State Electric & Gas Corporation ("NYSEG"), Energy East Corporation ("EEC"), and Corporate Care Management, Inc. ("CCM") alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the New York Human Rights Law, N.Y. Exec. Law § 296 ("HRL"), and New York common law. The complaint alleges fourteen (14) causes of action, including eleven (11) under the ADA. It spans forty-two (42) pages and consists of one-hundred and sixty-one (161) paragraphs, many containing multiple subparagraphs.

Defendants NYSEG and EEC move to dismiss the complaint for failure to comply with Fed. R. Civ. 8(a), or, in the alternative, for an order requiring Plaintiff to replead her complaint. Plaintiff

opposes the motion but requests, in the alternative to dismissal, that she be allowed to replead. For the reasons that follow, Defendants' motion is granted inasmuch as Plaintiff will be required to replead her action.

### III. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. at 513.

When a complaint does not comply with the requirement that it be short and plain, "the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Dismissal under Rule 8 is appropriate in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id.

Further, the policy underpinnings for FED. R. CIV. P. 8(a)(2)'s requirement that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" are intended, at least in part, to protect the responding party from undue burden. In this regard the Second Circuit wrote:

The statement should be plain because the principal function of pleadings under the

>Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. See, e.g., Geisler v. Petrocelli, 616 F.2d 636, 640 (2d Cir.1980); 2A MOORE'S FEDERAL PRACTICE § 8.13, at 8-61 (2d ed. 1987). The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1281, at 365 (1969).

Salahuddin, 861 F.2d at 42.

## III. DISCUSSION

Plaintiff's complaint in this action is the antithesis of a short and plain statement of a claim showing that the pleader is entitled to relief. It is a document filled with evidentiary assertions spanning a three year period of time and involving allegations of numerous communications with, and actions (or omissions) by, various employees of the defendants. Plaintiff's complaint is not a concise statement of her case, but rather a detailed recitation of the evidence which, she believes, supports her eventual success on the claims. Indeed, Plaintiff's argument in opposition to the motion bears out this point. In this regard, Plaintiff asserts:

>The plaintiff's complaint is much longer than most complaints . . . . [I]t describes a three-year battle between the defendants and the plaintiff, her valiant attempts to keep her job aid [sic] her futile attempt to get the defendants to accommodate her disability.
>
>The plaintiff has alleged in her Complaint facts supporting her claims that she had a disability and/or was perceived as having a disability under both the American [sic] with Disabilities Act . . . and the New York State Human Rights Law . . . . Due to the vagaries of the definition of "disability" under both the ADA and the NYSHRL, the plaintiff had to allege in her complaint how she meets those definitions. Because her case focuses on the defendant's failure to accommodate her disability, she has alleged, in detail, her repeated requests for an accommodation and the defendants' repeated failures to engage in the interactive process and their denials of those requests.
>
>\* \* \*

3

> The plaintiff has alleged a comprehensive and chronological narrative of facts supporting her claims that the three defendants have engaged in a series of actions which have discriminated against her because of her disability over the past three years. . . .
>
> The plaintiff's complaint contains 13 paragraphs describing the nature of her impairment and its adverse effects to support her claim that she is an "individual with a disability" under the ADA and/or the NYSHRL. See Complaint ¶¶ 26-37, 108-109. . . .
>
> At least 55 paragraphs of Ms. Novak's Complaint lists [*sic*], in chronological fashion (1) her repeated requests, either on her own or through her doctor, over an 18-month time seeking an accommodation, and (2) defendants [*sic*] failure to engage in the interactive process and denials of her requests for accommodation on 26 separate occasions. Complaint ¶¶ 38-40, 45-96, 116, 122, 133. These paragraphs also describe the "interactive process" – to the limited extent it took place – between the parties until December 28, 2004, when the plaintiff was told by CCM that NYSEG would probably not grant her accommodation request of working from home because it would not want to set a precedent that might enable other employees with disabilities to work from home. Complaint ¶ 86. That 18-month process is the foundation for seven of Ms. Novak's causes of action in her Complaint which all relate to the defendants' failure to accommodate her disability.

Plf. Mem L. pp. 3-7.

Because defendants must answer the individual allegations in the complaint, and because the complaint contains so many factual assertions, the defendants are placed in the position of having to interview each employee identified in the complaint in an attempt to properly admit or deny the dozens (if not hundreds) of factual allegations. In essence, Plaintiff, through her prolix complaint, seeks to try the case on the pleadings. That position runs contrary to the notice pleading policy in federal court, and places an undue burden on the defendants.

Plaintiff's arguments as to why she included so much factual information in her complaint evidences a fundamental misunderstanding of the federal pleading requirement. As an example, she argues:

4

> The plaintiff's complaint contains 13 paragraphs describing the nature of her impairment and its adverse effects to support her claim that she is an "individual with a disability" under the ADA and/or the NYSHRL. She arguably could have just alleged in one paragraph that she is an individual with a disability under the ADA. However, a plaintiff does so at her peril.

Plf. Mem. L. p. 6.

The "peril" that she feels she would face if she did not supply the surfeit of detail about her disability is that the case would be dismissed on a Rule 12(b)(6) motion for failure to plead a *prima facie* case of discrimination. Id. However, in Swierkiewicz the Supreme Court completely dispelled the notion that such a peril exists. See Swierkiewicz, 534 U.S. at 514. In this regard, the Supreme Court affirmed that "[a] court may dismiss a complaint [under Fed. R. Civ. P. 12] *only* if it is clear that no relief could be granted *under any set of facts that could be proved consistent with the allegations*." Id. (internal quotations and citation omitted, emphasis added). The Court made it crystal clear that plaintiffs in employment discrimination cases are not required to allege a *prima facie* case of discrimination in their complaints to survive a motion to dismiss. Id. at 508-14. The Court held that such a "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 512 (quoting Fed. R. Civ. P. 8(a)). Thus, a complaint is sufficient, and will withstand a Rule 12 motion to dismiss, if it gives the defendant fair notice of the plaintiff's claims, the grounds upon which they rest, and states claims upon which relief could be granted. Swierkiewicz, at 514; see Phelps v. Kapnolas, 308 F.3d 180, 186-187 (2d Cir. 2002).

## V. CONCLUSION

The circumstances of this case do not warrant dismissal of the action. They do, however,

require that Plaintiff re-plead her action in a complaint that complies with the Federal Rules of Civil Procedure.  To the extent Plaintiff feels it is necessary to plead allegations of fraudulent conduct with particularity, that portion of the pleading should be in keeping with Fed. R. Civ. P. 9(b).  Rule 9(b) provides that "the circumstances constituting fraud . . . shall be stated with particularity," not that every fact supporting every claim should be stated with particularity.

Therefore, it is hereby

**ORDERED** that Defendants' motion [dkt. # 3] is **GRANTED IN PART AND DENIED IN PART.**  The motion is **GRANTED** inasmuch as Plaintiff is required to replead her action by filing, within fifteen (15) days of the date of this Decision and Order, an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure.  The motion is **DENIED** in all other respects.

**IT IS SO ORDERED**

DATED: October 6, 2006

Thomas J. McAvoy
Senior, U.S. District Judge